Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
14742 Beach Blvd., Suite 410
La Mirada, California 90638
(213) 335-3935 | YMA@LawAlm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BERNIE 2020,<br><br>Plaintiff,<br><br>v.<br><br>DEAN C. LOGAN, Los Angeles County Registrar-Recorder/County Clerk; and Does 1-100,<br><br>Defendants. | Case No.<br><br>**APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff, by and through its attorney of record, moves this court for a temporary restraining order, pursuant to Fed. R. Civ. P. 65(b), restraining and enjoining Defendant DEAN C. LOGAN, Los Angeles County Registrar-Recorder/County Clerk, its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them, from closing the polls in Los Angeles County, California for an additional two hours beyond their usual closing hour, or pending a hearing on Plaintiff's action, filed with this Court on March 3, 2020.

Unless this application is granted, Plaintiff will suffer immediate and irreparable injury, loss, and damage if Defendant is permitted to prevent registered voters from casting a ballot before a hearing can be had on Plaintiff's action, as more fully set forth in the

/ / /

/ / /

attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 3, 2020                               Respectfully submitted,

                                                              /s/ Yasin M. Almadani
                                                        Yasin M. Almadani, Esq.
                                                        ALMADANI LAW

                                                        *Attorney for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff, a nationwide political committee operating on behalf of Presidential candidate Bernard Sanders, requests that this Court order the Los Angeles County Registrar-Recorder to keep certain polling stations open for a period of two hours.

## II.    STATEMENT OF FACTS

### A.     Los Angeles Debuts a New Elections System in a High Profile Presidential Primary Election

For this election, Defendant has implemented a new proprietary voting system across the County, called "Voting Solutions for All People."  Although the County previously conducted a "pilot" election in a limited number of locations, this is the first time these voting systems have been used on a wide scale at polling locations throughout the County.  The new technology has resulted in extreme wait times, because of check-in stations not working and machine failures, with insufficient or overwhelmed tech support and an inability to implement back-ups so that voters could cast ballots in a timely manner.

### B.     Persistent Problems With Checking in Voters, and Ballot Marking Devices Cause Lines of Longer Than Two Hours

Numerous vote centers in Los Angeles County experienced extremely long wait times on Election Day. In particular:

1.     At Logan Elementary School in Echo Park, a wait time of one hour was reported at 12:20 pm, due to 7 of 14 check-in stations not working and 2 of 5 check-in stations not working.

2.     At Evergreen Recreation Center on East 2nd Street, a wait time of 1.5 hours was reported at 2:00 pm due to 3 of 5 voting machines not working. Poll workers reported that they had been asking for assistance from the county for days, but got no response, and that the tech support hotline was down.

3.     At the Echo Park Recreation Center, a wait time of 1.5 hours was reported at 2:00 pm due to only one of the three check-in tablets working.

4. At Mayberry Elementary, wait times of more than 1 hour were reported at 12:20 pm. The check-in tablets weren't syncing properly.

5. At Westchester Senior Center, wait times of over 1.5 hours were reported in the early afternoon.

6. At Santa Monica Community College, wait times of 1.5 hours were reported during the afternoon. Only a small number of check-in tablets and voting machines were operational and there was a shortage of paper.

7. At True Friendship Missionary Baptist Church, long wait times due to voting machines arriving late and machines rejecting ballots because they were not tested prior, were reported at 2:50 pm.

8. At Santa Monica Virginia Park, a wait time of 1.5 hours was reported in the late afternoon, due to a shortage of machines.

9. At Ackerman Union on 308 Westwood Plaza, the only voting center at UCLA, a wait time of 2.5 hours and up to 300 students waiting in line were reported at 3:15 pm, 4:30pm, and 5:00pm despite 39 available voting machines but only 9 are being utilized due to wifi issues.

10. At Cal State University Northridge, wait times of over 3 hours were reported at 4:40 pm.

11. At St Charles Borromeo Church, wait times of four hours were reported at 5:00 pm.

12. At Plummer Park Community Center, wait times of two hours were reported at 5:00 pm.

13. At Sherman Oaks East Valley Adult Center, wait times of over three hours were reported at 5:00 pm.

14. At Crenshaw Mall, wait times of two hours and 100 voters in line were reported at 5:00 pm.

15. At Buena Vista Library in Burbank, wait times of over 2 hours were reported at 5:00 pm.

2

*Plaintiff's Application for TRO*

16. At Elysian Masonic Lodge, wait times of 1.5 - 2 hours were reported at 5:00 pm due to only one working check-in tablet.

At Yucca Community Center, wait times of over 2 hours were reported due to slow IPads and only 2 out of 3 check in machines working at 5:30 pm.

### C. The Claims for Relief Between the Two Cases Are Largely Different

This case involves seven (7) separate claims for relief that are comprised of approximately thirty (30) different elements. The foreseeable evidentiary overlap between this case and the Choi case exists with respect to only *one element* of one claim brought against only one set of Defendants (the 8BC Defendants)—to wit, the element of a *pattern* of fraud as concerning Plaintiff's RICO claim (the last pled claim in the complaint).

The Choi Case, on the other hand, involves sixteen (16) causes of action, only two of which concern fraud and thereby any potential for evidentiary overlap on the element of pattern under RICO.

### III. ARGUMENT

#### A. The Wait Times in the Contested Polling Stations are Patently Unreasonable and Have Effectively Deprived Citizens of the Fundamental Right To Vote Under the Due Process Clause of the United States Constitution

The United States Constitution protects citizens' fundamental right to vote and to have their votes counted by way of election procedures that are fundamentally fair. *See United States v. Mosely*, 238 U.S. 383, 386 (1915); *Griffin v. Burns*, 570 F.2d 1065, 1076 (1st Cir. 1978). Where "organic failures in a state or local election process threaten to work patent and fundamental unfairness, a . . . claim lies for a violation of substantive due process." *See Bonas v. Town of N. Smithfield*, 265 F.3d 69, 74 (1st Cir. 2001); *see also Siegel v. LePore*, 243 F.3d 1163, 1187 (11th Cir. 2000) (stating that a federally protected right is implicated "where the entire election process--including as part thereof the state's administrative and judicial corrective process--fails on its face to afford fundamental fairness" (citations omitted) Organic failures include "across-the-board disenfranchisement" that signal a "breakdown of the electoral process." Bonas, 265 F.3d at 75.

The Constitution prohibits state and local officials from requiring voters to wait too long to vote because that would risk turning away a significant portion of the electorate. *See, e.g., Welch v. McKenzie,* 765 F.2d 1311, 1317 (5th Cir. 1985) (denying voters relief because "ordinary dispute over the counting and marking of ballots" is "not actionable in federal court because of our federal system's recognition that states are primarily responsible for regulating their own elections" (internal quotation marks omitted)); *Gamza v. Aguirre,* 619 F.2d 449, 453 (5th Cir. 1980) (denying voters relief because "[i]f every state election irregularity were; *see also* Elora Mukherjee, *Abolishing the Time Tax on Voting*, 85 Notre Dame L. Rev. 177, 201 (2009).

Here, declarations establish that there are at least seven polling stations with a wait time of an hour or longer, and in some cases, up to four hours. For example, the Echo Park Recreational Center, located in a predominantly Latinx neighborhood, wait times to vote were approximately 1.5 hours, for virtually all voters at the polling place. Similarly, the Ackerman Union polling station has average wait times of two hours. This is not only unreasonable, but deprives the right to vote.

Moreover, the declarations further establish that long wait times are confined to certain polling stations, and not in economically advantages locations. This is not only unreasonable, but also constitutes a violation of the equal protection. *See Wesberry v. Sanders,* 376 U.S. 1, 18 (1964) (To make out a successful claim that different classes of voters are treated dissimilarly, empirical evidence showing nonrandomly distributed long lines and wait times between polling stations).

It is axiomatic that long lines at polling stations can violate the due process clause of the U.S. Constitution. *See Duncan v. Poythress,* 657 F.2d 691, 701, 703 (5th Cir.1981) ("If the election process itself reaches the point of patent and fundamental unfairness, a violation of the due process clause may be indicated and relief under § 1983 may be in order. Such a situation must go well beyond the ordinary dispute over the counting and marking of ballots. . . . ").

California polling locations, including those in Los Angeles County, "shall open at

4

*Plaintiff's Application for TRO*

7 a.m. the day of any election, and shall be kept open until 8 p.m. of the same day." *See* California Elections Code section 14212. However, here, where the state's own protocols have so significantly deprived the right to vote, dissuading voters from exercising the franchise because of unreasonably long wait times, this Court can and should require the state to keep polling stations open for a reasonable time.

  **B. The Unreasonable Wait Times Violate California Elections Code § 2300 and Article II, Section 2 of the California Constitution.**

  California law establishes that all citizens registered to vote have a fundamental right to vote. See Cal. Elections Code § 2300. Moreover, Article II of the California Constitution guarantees this.

  Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections. *See Reynolds v. Sims*, 377 U.S. 533, 554, 84 S.Ct. 1362, 1377-78, 12 L.Ed.2d 506, 523 (1964). The Supreme Court has stated that qualified voters have both a constitutional protected right to vote, *Ex parte Yarbrough*, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274 (1884), and a right to have their votes counted, *United States v. Mosley*, 238 U.S. 383, 35 S.Ct. 904, 59 L.Ed. 1355 (1915). These rights can neither be denied outright, *Lane v. Wilson*, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); *Guinn v. United States*, 238 U.S. 347, 35 S.Ct. 926, 59 L.Ed. 1340 (1915), nor destroyed by alteration of ballots, *United States v. Classic*, 313 U.S. 299, 315, 61 S.Ct. 1031, 1037, 85 L.Ed. 1368 (1941), nor diluted by ballot-box stuffing, *United States v. Saylor*, 322 U.S. 385, 64 S.Ct. 1101, 88 L.Ed. 1341 (1944). *See also Hadley v. Junior College District*, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970).

  Plaintiff, by its attorney, moves this court for a temporary restraining order, pursuant to Fed. R. Civ. P. 65(b), restraining and enjoining Defendant REGISTRAR OF VOTERS OF LOS ANGELES COUNTY, its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them, from closing the polls in Los Angeles County, California for an additional two hours beyond their usual closing hour, or pending a hearing on Plaintiff's complaint, filed with this Court on March 3, 2020.

Unless this motion is granted, Plaintiff will suffer immediate and irreparable injury, loss, and damage if Defendant is permitted to prevent registered voters from casting a ballot before a hearing can be had on Plaintiff's complaint, as more fully set forth in Plaintiff's complaint.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests that this Application be granted.

Dated: March 3, 2020                    Respectfully submitted,

/s/ *Yasin M. Almadani*
Yasin M. Almadani, Esq.
ALMADANI LAW

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BERNIE 2020, | Case No. |
| Plaintiff, | **[PROPOSED] ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| DEAN C. LOGAN, Los Angeles County Registrar-Recorder/County Clerk; and Does 1-100, | |
| Defendants. | |

THIS ACTION came for consideration before this Court on March 3, 2020, on Plaintiff's Application for Temporary Restraining Order. Having considered the filings,

**IT IS ORDERED AND ADJUDGED** that Plaintiff's Application is **GRANTED**, and Defendant is ordered to keep the voting polls open in Los Angeles County, California for an additional two hours beyond their usual closing hour.


Dated: _____

                                HON.