UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2096-CBM-(Ex) | Date | March 5, 2020 |

JS-6

| | |
|---|---|
| Title | *Bernie 2020 v. Logan* |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:  **IN CHAMBERS- ORDER RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On March 3, 2020, at 7:09 p.m., Plaintiff filed the Complaint in this action asserting two causes of action: (1) a 42 U.S.C. § 1983 claim for violation of the First and Fourteenth Amendments; and (2) violation of California Elections Code § 2300 and the California Constitution, Art. II, § 2. (Dkt. No. 1.) The Complaint seeks "injunctive relief to prevent polling locations in Los Angeles County (the "County") from closing at 8 p.m. [on March 3, 2020], to ensure that Los Angeles County voters can exercise their constitutional right to vote" on the alleged basis "[n]umerous vote centers in the County have experienced extremely long wait times" on that day. (Compl. ¶¶ 1, 12.)

At 7:12 p.m. on March 3, 2020, Plaintiff filed an Application for Temporary Restraining Order (the "Application"), to restrain and enjoin "DEAN C. LOGAN, the Los Angeles County Registrar-Recorder/County Clerk, its agents, employees, successors, attorneys, and all persons in active concert and participation with it or them, from closing the polls in Los Angeles County, California" on March 3, 2020 "for an additional two hours beyond their usual closing hour, or pending a hearing on Plaintiff's action." (Dkt. No. 2.)

This action was not assigned to this Court until March 5, 2020. Therefore, the Court cannot grant the injunctive relief requested in the Complaint and the Application because the Court did not receive the Complaint and Application until March 5, 2020. *Cf. United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) ("The purpose of an injunction is to prevent *future* violations....") (emphasis added).

Accordingly, the TRO is **DENIED**, and the action is **DISMISSED AS MOOT**.  *See Bernhardt v. Cty. of L.A.,* 279 F.3d 862, 871 (9th Cir. 2002) ("Where the activities sought to be enjoined already have occurred, ... the action is moot, and must be dismissed").

**IT IS SO ORDERED.**